JULIO MONTALVO, demandante, *v.* MUNICIPIO DE SABANA GRANDE, demandado.

*Número:* AA-95-13          *Resuelto:* 10 de mayo de 1995

*José A. Morales*, abogado del Municipio de Sabana Grande, apelante; *Carlos M. Vargas Muñiz*, abogado del apelado.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Nos corresponde hoy determinar, en armonía con el esquema de revisión judicial de decisiones administrativas establecido en la Ley de la Judicatura de Puerto Rico de 1994, la competencia apelativa de los Tribunales de Primera Instancia y de este Tribunal en torno a la revisión de los dictámenes emitidos por la Junta de Planificación (en adelante Junta) en el ejercicio de sus funciones adjudicativas y cuasilegislativas.

El Municipio de Sabana Grande (en adelante Municipio) solicitó la revisión de la resolución final emitida por la Junta con relación a la consulta de ubicación formulada por el Sr. Julio Montalvo para la construcción de un proyecto residencial en el referido Municipio. Mediante la aludida resolución, la Junta autorizó la construcción de un proyecto residencial multifamiliar consistente de veinte

(20) unidades de vivienda distribuídos en cinco (5) edificios de dos (2) niveles a ser ubicados al final de la Calle A.G. Martínez en el Barrio Santana del Municipio.

La Junta emitió resolución concediendo la antedicha autorización el 1ro de septiembre de 1994, notificada y archivada en autos el 28 del mismo mes. Oportunamente, el Municipio solicitó la reconsideración el 7 de octubre de 1994. Mediante Resolución de 21 de octubre, la Junta acogió para su evaluación la moción de reconsideración presentada. Finalmente, y tras varios trámites procesales, el 29 de diciembre la Junta emitió una resolución declarando sin lugar la moción de reconsideración presentada por el Municipio, la cual fue notificada y archivada en autos el 2 de febrero de 1995. El Municipio presentó su recurso de apelación ante nuestra consideración el 2 de marzo de 1995. El 14 de marzo fue recibida la oposición al recurso apelativo presentado por el apelado, Sr. Julio Montalvo.

Luego de examinado el recurso, así como las disposiciones pertinentes de la Ley de la Judicatura de Puerto Rico de 1994 y sus antecesoras, el Reglamento del Tribunal Supremo y la Ley Orgánica de la Junta de Planificación de Puerto Rico, Ley Núm. 75 de 24 de junio de 1975 (23 L.P.R.A. sec. 62 *et seq.*), concluímos que la petición presentada ante nuestra consideración no cualifica para ser atendida por este Foro mediante recurso de apelación. Veamos.

En *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995),[1] avalamos la interpretación que del Art. 3.002(e)[2] se hiciera en el Comentario a la Regla 18 del

---

[1] Este caso y el de marras fueron certificados el mismo día.

[2] El Art. 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994, que entró en vigor el 24 de enero de 1995, dispone que el Tribunal Supremo atenderá:

"(e) Mediante recurso de apelación, revisará las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico, *que hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior, Sala de San Juan.*"

Reglamento del Tribunal Supremo(³) y en la Regla 1(c) sobre la Aplicación del Reglamento del Tribunal Supremo(⁴). También analizamos la trayectoria histórica de la inclusión del concepto de revisión exclusiva de las revisiones de decisiones administrativas por la Sala de San Juan del Tribunal Superior en la Ley de la Judicatura de Puerto Rico de 1994. Luego de lo cual concluímos que habiéndose eliminado, con la aprobación de la Ley Núm. 11 de 2 de junio

(Énfasis suplido.) 1994 Leyes de Puerto Rico 2800, 2807.

(³) El comentario a esta Regla 18 del Reglamento del Tribunal Supremo de Puerto Rico de 13 de enero de 1995, según enmendado mediante Resolución de 23 de enero de 1995, págs. 8–9, expresa lo siguiente:

"Interpretando los Artículos 3.002(d) y(e), 5.003(a)(5) y 9.004(a), de forma cónsona con el espíritu de la Ley de la Judicatura de Puerto Rico de 1994, y el propósito y objetivo de ésta de facilitar el acceso a los tribunales a los ciudadanos, y hacer la mejor y más eficiente utilización de los recursos de la Rama Judicial, en esta Regla disponemos sobre el procedimiento para las apelaciones al Tribunal Supremo de recursos provenientes de agencias administrativas. Entre estas agencias están las mencionadas en el Artículo 3.002(d) de la Ley: la Junta Azucarera, la Junta de Salario Mínimo, la Junta de Relaciones del Trabajo y la Comisión Industrial; *además de cualquier otra agencia administrativa que por Ley se haya dispuesto que los recursos contra las disposiciones finales se presentarán y atenderán en la Sala de San Juan.* Entre estas últimas se encuentran: la Comisión de Servicio Público, la Administración de Compensación por Accidentes de Automóvil, la Comisión de Investigación, Procesamiento y Apelación y la Comisión para Ventilar Querellas Municipales. *La revisión de las decisiones de todas las demás agencias administrativas continuarán tramitándose en el Tribunal Superior de la misma forma y manera que se hacía antes de entrar en vigor la Ley. Las sentencias que sobre ésta emita el Tribunal Superior podrán ser revisadas por el Tribunal de Circuito de Apelaciones mediante el recurso de certiorari, Regla 18(B)(2) y (C) del Reglamento del Tribunal de Circuito de Apelaciones."* (Énfasis suplido.)

A su vez, la Regla 18(i) del Reglamento del Tribunal Supremo de Puerto Rico, *supra,* pág. 6, indica:

"(i) Aplicación

"Esta Regla aplicará a todo recurso procedente de una agencia administrativa que según los incisos (d) y (e) del Artículo 3.002 de la Ley de la Judicatura de Puerto Rico de 1994 será revisado mediante recurso de apelación ante el Tribunal Supremo y el Artículo 11(A) de la Ley de Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada por la Ley Núm. 86 de 17 de agosto de 1994. Todos los otros asuntos continuarán revisándose conforme a la ley anterior."

(⁴) La Regla 1(c) de Transición sobre Aplicación del Reglamento del Tribunal Supremo de Puerto Rico, según enmendada mediante Resolución de 23 de enero de 1995, pág. 2, define *Agencia Administrativa* de la forma siguiente:

"(c) Agencia Administrativa—la Junta Azucarera, la Junta de Salario Mínimo, la Junta de Relaciones del Trabajo, la Comisión Industrial, la Comisión de Servicio Público, la Administración de Compensaciones por Accidentes de Automóviles, la Comisión de Investigación, Procesamiento y Apelación, y la Comisión para Ventilar Querellas Municipales *y cualquier otra agencia administrativa que por Ley específicamente se disponga que los recursos contra las decisiones finales de la agencia se presentarán en la Sala de San Juan del Tribunal Superior."* (Énfasis suplido.)

de 1993, la disposición que establecía la Sala de San Juan como el foro exclusivo competente para atender los recursos administrativos, es menester, entonces, acudir a las leyes orgánicas de las diferentes agencias para determinar cuáles estatutos disponen que la revisión de sus dictámenes competerá exclusivamente a la Sala de San Juan del Tribunal Superior.(⁵)

En consonancia con lo antes expuesto, reiteramos que los cambios experimentados por la Ley de la Judicatura de Puerto Rico de 1994 con relación a la revisión de decisiones emitidas por organismos administrativos y en aras de la interpretación más adecuada de la ley actual, sólo los recursos provenientes de organismos administrativos en que en virtud de una disposición específica del estatuto orgánico se disponga que éstos serán atendidos exclusivamente por la Sala de San Juan del Tribunal Superior, cualifican para ser atendidos por el Tribunal Supremo mediante recurso de apelación. Lo anterior resulta cónsono con la interpretación de la ley que hiciéramos en *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra, la Regla 1(c) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo y la Regla 18 del Reglamento del Tribunal Supremo, *supra*.

Concluído lo anterior, examinemos el estatuto orgánico de la Junta, en particular, la disposición pertinente a la revisión judicial.

El Art. 32 de la Ley Núm. 75, *supra*, 23 L.P.R.A. sec. 63d, dispone con respecto a la revisión judicial:

(a) *Cualquier parte afectada por una actuación, decisión o resolución de la Junta de Planificación de Puerto Rico en su función adjudicativa* en relación con la cual una petición de reconsideración hubiera sido formulada ante la Junta de Planificación dentro de los primeros treinta (30) días del depósito en el correo de la notificación de tal actuación o decisión y dene-

---

(⁵) Para un análisis más detallado en torno a la revisión de decisiones administrativas por el Tribunal de Primera Instancia, véase J.A. Cuevas Segarra, *Práctica procesal puertorriqueña: práctica apelativa*, San Juan, Eds. J.T.S., 1995, págs. 1–7.

gada por ésta, *podrá entablar recurso de revisión ante el Tribunal Superior de Puerto Rico, Sala de San Juan o la sala cuya jurisdicción comprenda el lugar donde esté ubicado el proyecto*, dentro del término de treinta (30) días naturales contados a partir de la fecha del depósito en el correo de la notificación de la denegatoria de la solicitud de reconsideración.

Establecido el recurso de revisión, si se expide auto al efecto, será deber de la Junta de Planificación de Puerto Rico elevar al tribunal los autos del caso, dentro de los quince (15) días siguientes a la expedición del auto.

La revisión ante el Tribunal Superior se limitará exclusivamente a cuestiones de derecho.

(b) *Las actuaciones, decisiones o resoluciones de la Junta de Planificación en el ejercicio de sus funciones cuasi legislativas, tales como la adopción y promulgación de reglamentos y mapas de zonificación, o las enmiendas a los mismos*, serán finales; Disponiéndose, que en los casos en que la Junta no cumpla con los requisitos estatutarios para la adopción y promulgación, o enmiendas a dichos reglamentos y mapas, *podrá recurrirse ante el Tribunal Superior, Sala de San Juan, a impugnar el procedimiento seguido*, dentro de un término de treinta (30) días naturales, contados a partir de la publicación de los mismos.

(c) *Cualquier parte adversamente afectada por las actuaciones, decisiones o resoluciones del Administrador sobre consultas de ubicación que le hayan sido delegadas por la Junta* en virtud del inciso (19)(b) de la sec. 62j de este título, deberá solicitar de éste una petición de reconsideración para presentar nueva evidencia y/o demostrar que las actuaciones o resoluciones del Administrador no se ajustan a las disposiciones legales y reglamentarias vigentes, dentro de los primeros treinta (30) días del depósito en el correo de la notificación de tal actuación, decisión o resolución y denegada por éste, *podrá entablar recurso de revisión ante la Sala de San Juan del Tribunal Superior de Puerto Rico, o en la sala cuya jurisdicción comprenda el lugar donde esté ubicado el proyecto, a discreción de la parte promovente, siguiendo un procedimiento igual al que se establece en el, inciso (a) de esta sección para la revisión de actuaciones, decisiones y resoluciones de la Junta de Planificación en su función adjudicativa.* La revisión ante el Tribunal Superior se limitará exclusivamente a cuestiones de derecho. (Énfasis suplido.)

De la disposición anterior surge que el estatuto orgánico de la Junta, en casos en que ésta actúa en su función adjudicativa, brinda la opción al apelante de escoger el foro competente para interponer su recurso de

revisión. Este podrá presentar el recurso en la Sala de San Juan del Tribunal Superior o en la Sala competente conforme a la ubicación del proyecto. Surge con meridiana claridad que el Tribunal de Primera Instancia, Sala Superior de San Juan, no es el foro exclusivo para interponer los recursos de revisión de las decisiones finales de la Junta *en su función adjudicativa.*([6])

La controversia de autos trata sobre una autorización brindada por la Junta para la construcción de un proyecto residencial en respuesta a una consulta de ubicación presentada ante su consideración. Es, pues, una actuación de la Junta en su función adjudicativa que puede ser revisada por la Sala Superior de San Juan del Tribunal de Primera Instancia o por el foro competente, conforme a la ubicación del proyecto. Estando ubicado el proyecto en el Municipio de Sabana Grande, la revisión puede ser presentada ante la Sala Superior de San Juan o ante la Sala Superior de Mayagüez, a discreción del apelante.

■ Tomando en consideración todo lo antes expuesto, resolvemos que la petición de epígrafe no cualifica para ser atendida por este Foro mediante recurso de apelación. Se le concede a la parte apelante el término de diez (10) días, contados a partir de la notificación de esta opinión, para que le indique a esta Curia la Sala Superior de su preferencia conforme a lo antes señalado. Una vez cumplida la antedicha orden, el recurso será remitido por el Secretario de este Tribunal al Tribunal de Primera Instancia, Sala de San Juan o Mayagüez, de acuerdo con lo indicado por el apelante para que éste sea atendido de la forma y manera en que se efectuaba antes de entrar en vigor la Ley de la Judicatura de Puerto Rico de 1994.

---

([6]) Cabe señalar que, a tenor con la antes transcrita disposición, la Sala de San Juan atenderá con carácter de exclusividad las revisiones de los dictámenes emitidos por la Junta de Planificación *en el ejercicio de sus funciones cuasi legislativas.* En atención a lo antes señalado y en consonancia con las disposiciones de la ley, las determinaciones de la mencionada Junta en su función cuasi legislativa cualifican para ser atendidas por este Foro mediante recurso de apelación.

Por todo lo antes expuesto *se dictará sentencia conforme los términos de esta opinión.*

El Juez Asociado Señor Rebollo López no intervino. El Juez Asociado Señor Fuster Berlingeri concurrió sin opinión escrita.