ASOCIACIÓN DE RESIDENTES LINDA GARDENS, INC., apelante, *v.* MUNICIPIO DE GUAYNABO, apelado.

*Número:* AA-95-27    *Resuelto:* 12 de julio de 1995

█

*Erick E. Kolthoff Benners*, abogado de la apelante; *Manuel J. Camacho Córdova*, abogado del apelado.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Hoy nos corresponde determinar, en armonía con el esquema de la revisión judicial de decisiones administrativas establecido mediante la Ley de la Judicatura de Puerto Rico de 1994, la competencia apelativa de los Tribunales de Primera Instancia y de este Tribunal en torno a la revisión de los dictámenes emitidos por los municipios relacionados con la concesión de permisos especiales para el control del tráfico vehicular y del uso público de las calles públicas en áreas residenciales.

I

Ante nuestra consideración fue sometida la apelación de epígrafe, en la cual se solicita la revisión de una resolución dictada por el apelado Municipio de Guaynabo (en adelante Municipio). En dicha resolución se denegó el permiso para controlar el acceso vehicular a las calles Maga, Bambú y Caobo de la urbanización Linda Gardens en Guaynabo. La resolución referida fue emitida el 2 de marzo de 1995 y su notificación y archivo en autos se hizo el 17 de marzo de 1995.

Inconforme con el dictamen anterior, la apelante Asociación de Residentes de Linda Gardens, Inc. (en adelante Asociación) acude ante nos mediante un escrito de apelación presentado el 28 de marzo de 1995. La Asociación apelante invoca la jurisdicción de este Tribunal en virtud de lo dispuesto en la Regla 18 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI, y en el Art. 3.002(e) de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22i), el cual establece

que este Tribunal revisará, mediante recurso de apelación, "las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico que hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior, Sala de San Juan". 1994 Leyes de Puerto Rico 2800, 2807.

El Municipio apelado, por su parte, presentó una moción de desestimación en la cual se alega, en síntesis, que a tenor con las disposiciones de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. sec. 4001, la Ley de Control de Tráfico en Áreas Residenciales, Ley Núm. 21 de 20 de mayo de 1987, según enmendada, 23 L.P.R.A. sec. 64 *et seq.*, y la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 *et seq.*), la competencia para la revisión de las resoluciones de las solicitudes de control de acceso de los municipios de Puerto Rico es del Tribunal Superior de Puerto Rico, hoy Tribunal de Primera Instancia.

Luego de examinado el recurso, las disposiciones pertinentes de la Ley de la Judicatura de Puerto Rico de 1994 y del Reglamento del Tribunal Supremo, así como las disposiciones vigentes de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq.*, la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, según enmendada, la Ley de Control de Tráfico en Áreas Residenciales, según enmendada, y nuestros recientes pronunciamientos en *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995); *Montalvo v. Mun. de Sabana Grande*, 138 D.P.R. 483 (1995); *Maldonado v. Supte. Policía de P.R.*, 138 D.P.R. 477 (1995), y *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, 138 D.P.R. 490 (1995), concluimos que la petición no cualifica para ser atendida por este Foro me-

diante el recurso de apelación. El foro apropiado para atender la petición presentada es la Sala Superior del Tribunal de Primera Instancia. Veamos.

## II

■ En los casos antes citados resolvimos que, a tenor con lo dispuesto en la Ley de la Judicatura de Puerto Rico de 1994, el Tribunal Supremo revisará directamente mediante recurso de apelación, además de las decisiones de las cuatro (4) agencias administrativas específicamente mencionadas en el Art. 3.002(d) de la ley, 4 L.P.R.A. sec. 22i, sólo las decisiones de aquellas agencias administrativas que "hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior, Sala de San Juan".[1] Señalamos, además, que es necesario acudir a las leyes orgánicas de las diferentes agencias para determinar cuáles estatutos disponen que la revisión de sus dictámenes competerá exclusivamente a la Sala de San Juan del Tribunal Superior.[2]

A tenor con los señalamientos antes expuestos, procede que evaluemos los estatutos orgánicos aplicables a los municipios autónomos, en particular, la disposición pertinente a la revisión judicial de los dictámenes emitidos por los

---

[1] Los Arts. 3.002(d) y 3.002(e) de la Ley de la Judicatura de 1994 disponen que este Tribunal atenderá:

"d) Mediante recurso de apelación, revisará las decisiones de los siguientes organismos administrativos: Junta Azucarera, Junta de Salario Mínimo, Junta de Relaciones del Trabajo y Comisión Industrial de conformidad a lo dispuesto por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como 'Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico'.

"e) Mediante recurso de apelación revisará las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico, *que a la vigencia de esta Ley debían ser revisadas por el Tribunal Superior, Sala de San Juan.*" (Énfasis suplido.) 4 L.P.R.A. sec. 22i.

[2] Para un análisis más detallado en torno a la revisión de decisiones administrativas que realiza el Tribunal de Primera Instancia, véase J. Cuevas Segarra, *práctica procesal puertorriqueña: práctica apelativa*, San Juan, Pubs. J.T.S., 1995, págs. 1–7.

municipios en torno a la concesión de permisos especiales para controlar el acceso vehicular en comunidades residenciales.

■ La Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991(³) le otorgó a todos los municipios del país la facultad de implantar, con el asesoramiento de la Junta de Planificación de Puerto Rico, las condiciones y los requisitos necesarios para la concesión de autorizaciones para el control de acceso de vehículos de motor y de las calles, de conformidad con la Ley Núm. 21, *supra*.(⁴) Esta ley, a su vez, estableció el procedimiento que han de seguir las personas interesadas en obtener un permiso de conformidad.(⁵)

■ En la Sec. 3(e) de la Ley Núm. 21, *supra*, 23 L.P.R.A. sec. 64b(e), se estableció el derecho de revisión judicial para las decisiones o *dictámenes* municipales para cualquier parte que no esté de acuerdo con la decisión de

---

(³) Véase la Exposición de Motivos de la Ley Núm. 81 de 30 de agosto de 1991, Leyes de Puerto Rico 459, y el P. de la C. 1296.

(⁴) El propósito de esta legislación especial es autorizar a los municipios a conceder permisos o autorizaciones para el control del tráfico de vehículos de motor y el uso público de las calles en urbanizaciones o comunidades residenciales públicas para, de esta manera, ayudar a combatir el problema de la criminalidad que azota a nuestro país.

Para un análisis más profundo sobre el alcance de esta medida, véase el Informe conjunto que rindieran al Senado de Puerto Rico las Comisiones de Transportación y Obras Públicas y Asuntos Municipales en torno al P. del S. 814 para la aprobación de la Ley Núm. 21 de 20 de mayo de 1987.

(⁵) A modo de ejemplo, la Sec. 1 de la Ley Núm. 21, *supra*, 23 L.P.R.A. sec. 64, dispone que toda autorización para controlar el acceso vehicular se emitirá sujeto a las condiciones y a los requisitos establecidos en dicha ley y en el reglamento que adopte la Junta de Planificación de Puerto Rico. Dicho reglamento es el Reglamento de Planificación Núm. 20 de 20 de enero de 1989, titulado Reglamento de Control de Tránsito y Uso Público de Calles Locales.

La Sec. 3(d) de la Ley Núm. 21, *supra*, 23 L.P.R.A. sec. 64b(d), establece que "[e]l municipio emitirá su decisión sobre toda solicitud de permiso de control de acceso no más tarde de los diez (10) días laborables siguientes a la fecha de celebración de la última vista pública" y añade:

"Si la determinación del Municipio favorece los controles propuestos por la Junta, Consejo o Asociación de Residentes, emitirá la implantación. Dicho dictamen será firme desde la fecha del archivo en el municipio de copia de su notificación."

un municipio sobre una solicitud de permiso de control de acceso. Específicamente dispuso lo siguiente:

> Toda persona, Asociación de Residentes, urbanizador o desarrollador que no esté de acuerdo con la decisión del municipio sobre una solicitud de permiso de control de acceso, *podrá solicitar su revisión judicial dentro de los veinte (20) días siguientes a la fecha de archivo en el municipio de copia de la notificación concediendo la autorización o permiso de control de acceso o del archivo de la declaración jurada adoptando el dictamen preliminar, según sea el caso. El Tribunal emitirá su decisión dentro de los treinta (30) días siguientes a la fecha de la solicitud de revisión.* (Énfasis suplido.)

Es de notar que la Ley Núm. 21, *supra*, a pesar de otorgar el derecho a la revisión judicial de los dictámenes emitidos por el municipio, no establece en ésta ni en ninguna otra sección el procedimiento aplicable para el ejercicio del derecho de revisión judicial. Por otro lado, la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico no aplica porque expresamente excluyó de su cobertura a los gobiernos municipales.[6] A tales efectos, dispuso, en lo pertinente, la Sec. 1.3 de la ley, 3 L.P.R.A. sec. 2102(a)(5) lo siguiente:

> A los efectos de este Capítulo los siguientes términos o frases tendrán el significado que a continuación se expresa:
> (a) "Agencia" significa cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones acreditaciones, privilegios, franquicias, acusar o adjudicar, *excepto*:
>
> .    .    .    .    .    .    .    .    .

----

[6] A manera de excepción, la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 establece en el Art. 2.004(o)(3) que "[t]odo reglamento para ejecutar e implantar la autorización y función dispuesta en este inciso se aprobará de conformidad con las secs. 2101 *et seq.* del Título 3, conocidas como 'Ley Uniforme de Procedimiento Administrativo del Estado Libre Asociado de Puerto Rico'". 21 L.P.R.A. sec. 4054(o)(3).

(5) Los gobiernos municipales o sus entidades o corporaciones. (Énfasis suplido.)

En el informe conjunto que rindieran al Senado de Puerto Rico las Comisiones de Gobierno Estatal, Asuntos Municipales y de lo Jurídico de la Cámara de Representantes en torno al P. del S. 350 para la aprobación de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, se indicó en relación con la Sección 1.3 lo siguiente:

La Sección 1.3 contiene el catálogo de definiciones que habrán de utilizarse en la medida. La definición de Agencia recoge sólo a aquellas agencias que por disposición de ley llevan a cabo funciones de reglamentar, o que emitan decisiones o tengan facultades para expedir licencias, certificados, permisos y otros.

Quedan expresamente excluidos de esta definición la Asamblea Legislativa, la Rama Judicial, la Oficina Propia del Gobernador, la Guardia Nacional de Puerto Rico, *los Gobiernos Municipales o sus entidades o corporaciones*, la Comisión Estatal de Elecciones, el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y finalmente cualquier otra agencia existente o que se pueda crear en el futuro que tenga o tuviese jurisdicción para resolver controversias a través de medios voluntarios de solución de disputas. (Énfasis suplido.) Informe Conjunto de las Comisiones de Gobierno Estatal, Asuntos Municipales y de lo Jurídico sobre el P. del S. 350 de 10 de abril de 1988, 10ma Asamblea Legislativa, 3ra Sesión Ordinaria, págs. 5–6.

De la disposición antes citada, no existe lugar a dudas que el legislador *excluyó expresamente* los gobiernos municipales de la agencias reglamentadas por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico. Al integrar todo lo antes expuesto con las disposiciones de la Ley de la Judicatura de Puerto Rico de 1994 y del Reglamento del Tribunal Supremo, y lo resuelto en *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra; *Montalvo v. Mun. de Sabana Grande*, supra; *Maldonado v. Supte. Policía de P.R.*, supra; *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, podemos colegir que un municipio no es una "agencia administrativa" de las que cualifica

para que sus dictámenes sean revisados por este Foro mediante recurso apelativo. Tampoco aplican las Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior porque éstas se refieren únicamente a los recursos que se insten conforme a la citada Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico. Regla 2 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B. Véase, además, *Pagán Ramos v. F.S.E.*, 129 D.P.R. 888 (1992). Nos confrontamos entonces con la situación en que una ley establece el derecho de revisión judicial, pero no dispone el medio ni el procedimiento para ejercerlo.

Como la Ley Núm. 21, *supra,* no dispone a cual tribunal corresponde la competencia para considerar el recurso de revisión judicial, es menester recurrir a la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991. Ésta dispone en su Art. 15.002, en lo pertinente, *que corresponderá con "exclusividad" al Tribunal Superior "[r]evisar cualquier acto legislativo o administrativo que ... sea contrario a las leyes de Puerto Rico" y "[s]uspender la ejecución de cualquier ordenanza ... de la Asamblea ... que lesione derechos garantizados por ... las leyes estatales".* (Énfasis suplido.) 21 L.P.R.A. sec. 4702.[7]

---

[7] El texto del Art. 15.002 de la Ley Núm. 81, *supra,* 21 L.P.R.A. sec. 4702, dispone lo siguiente:

"El Tribunal Superior de Puerto Rico entenderá y resolverá, con exclusividad, a instancias de la parte perjudicada, sobre los siguientes asuntos:

"(a) Revisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.

"(b) *Suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Asamblea, del Alcalde, de la Junta de Subasta o de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por las leyes estatales.*

"(c) Compeler el cumplimiento de deberes ministeriales por los funcionarios del municipio.

"(d) Conocer mediante juicio ordinario, las acciones de reclamaciones de daños y perjuicios en exceso de cincuenta mil (50,000) dólares por actos u omisiones de los funcionarios o empleados del municipio por malicia, negligencia e ignorancia inexcusable.

## III

Concluido lo anterior, nos resta resolver entonces cuál es el tribunal competente para atender el recurso de revisión presentado que impugna la resolución emitida por el Municipio de Guaynabo referente al control de acceso vehicular y el uso público de las calles en comunidades residenciales.

■ El Art. 5.003(a)(4) de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 220(a)(4)) dispone que *el Tribunal de Primera Instancia conocerá de todo asunto que con anterioridad a la vigencia de esta ley era atendido por el Tribunal Superior, el Tribunal de Distrito y el Tribunal Municipal.* Por su parte, la Regla 3.4 de Procedimiento Civil Transitorias, Orden I de las Órdenes Administrativas del Juez Presidente para la Implantación de la Reforma Judicial de 2 de febrero de 1995, pág. 4, en lo referente a la competencia territorial dispone lo siguiente:

> *En todos los demás casos, el pleito deberá presentarse en la sala correspondiente a aquella en que tuvieran establecidas sus residencias los demandados, o alguno de ellos.* (Énfasis suplido.)

■ En armonía con todo lo antes expuesto, resolvemos que el tribunal competente para atender el recurso de revisión de una resolución dictada por un municipio, que deniegue el permiso para el control de acceso vehicular y el uso público de las calles en comunidades residenciales, es la Sala Superior del Tribunal de Primera Instancia del municipio que dictó la resolución impugnada. Habiéndose dilucidado la controversia de autos en el Municipio de Guay-

---

"En los casos contemplados bajo los incisos (a) y (b) de esta sección, la acción judicial sólo podrá instarse dentro de los veinte (20) días siguientes a la fecha en que el acto legislativo o administrativo se haya realizado o que la ordenanza, resolución, acuerdo u orden se haya promulgado o comunicado a la parte querellante, a menos que se disponga otra cosa por ley." (Énfasis suplido.)

nabo, y siendo éste a su vez la parte demandada apelada, corresponde remitir el recurso a la consideración del Tribunal de Primera Instancia, Sala Superior de Bayamón.[8]

Por todo lo antes expuesto, *se dictará sentencia mediante la cual se ordena remitir el recurso de apelación presentado al Tribunal de Primera Instancia, Sala Superior de Bayamón.*

El Juez Asociado Señor Rebollo López no intervino. El Juez Asociado Señor Hernández Denton concurrió sin opinión escrita.

---

[8] Véase Art. 5.005(b) de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22q(b)).