María Aldea y Díaz, demandante y apelante, v. Paulina Jesusa Tomas y Piñán, et als., demandados y apelados.

No. 7000.—*Sometido:* Abril 8, 1935. *Resuelto:* Abril 17, 1935.

*Carlos D. Vázquez,* abogado de la apelante; *Dubón & Ochoteco,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Corte de Distrito de San Juan dictó sentencia declarando sin lugar la demanda al conocer en apelación de una sentencia dictada por una corte municipal en pleito sobre reclamación de $500 por hogar seguro (*homestead*). Apelada por el demandante la sentencia de la corte de Distrito para ante nosotros, nos piden los apelados que la desestimemos por no existir ese recurso de apelación cualquiera que sea la cuantía de la reclamación porque, según sostiene, el artículo 295, No. 2, del Código de Enjuiciamiento Civil como fué enmendado en 1905 y por el cual se concede apelación contra sentencias de las cortes de distrito dictadas en apelación interpuesta contra resolución de la corte inferior cuando su cuantía excede de $300, ha quedado derogado por la sección· 4 de una ley de 1934, vigente cuando la sentencia recurrida a este tribunal fué dictada.

En 1908, pág. 124, fué dictada una ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles. La sección 1ª. de esa ley fué enmendada en noviembre de 1917, pág. 225, y posteriormente en 1929, pág. 123. Sus secciones 3 y 4 han sido enmendadas en 1934, pág. 293, por ley (No. 31) para enmendar la de 1908 para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles. Las secciones 3 y 4 enmendadas dicen así:

"Sección 3.—(*a*) El secretario de la corte de distrito anotará la causa en el registro de acciones civiles, notificándolo a las partes interesadas. El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del

caso. Al anunciarse la vista de la apelación, el tribunal, a instancia del apelante, revisará y tomará en consideración cualquiera providencia, resolución, auto u orden por los cuales se creyere éste perjudicado. Resueltas estas cuestiones se procederá a la vista de la causa tal como resulte de las alegaciones, a no ser que en virtud de excepción previa, permitiese el juez que fueren enmendadas la demanda o la contestación. Dispuesto así el pleito para la vista, se tramitará como nuevo juicio, rigiendo para el mismo todas las disposiciones y reglamentos judiciales aplicables a la vista de pleitos originalmente iniciados en la corte de distrito. (b) Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada.

"Sección 4.—Celebrado el juicio, la corte dictará sentencia dentro de un período de quince días y el secretario remitirá inmediatamente a la corte inferior una copia certificada de dicha sentencia, con expresión de las costas causadas en la apelación. De allí en adelante toda tramitación para ser efectiva la sentencia se llevará a cabo en la corte municipal como si ésta la hubiese dictado."

Las palabras que contiene la sección 4 son las que a juicio de los apelados destruyen el derecho de apelación que hasta ahora ha existido, pues entienden que cuando la ley ordena que la sentencia dictada por la corte de distrito en apelación sea remitida inmediatamente por el secretario a la corte inferior es porque esas sentencias no pueden ser apeladas.

La ley de 1908 y sus enmiendas tuvieron por único objeto, como dice su título, reglamentar las apelaciones contra sentencias de las cortes municipales y no contra las que dicten las cortes de distrito en apelaciones procedentes de las cortes municipales. Para esa clase de apelaciones contra sentencias de las cortes de distrito rige el artículo 295, No. 2, según quedó enmendado en 1905, cuando la reclamación hecha en la corte municipal es superior a $300. La ley de 1934 no deroga expresamente el artículo 295, No. 2, citado y las derogaciones tácitas no son favorecidas por los tribunales. Además, la sección cuarta de la última ley hay que enten-

derla en el sentido de que a no ser que se haya interpuesto apelación remitirá inmediatamente la sentencia a la corte inferior.

*La moción de desestimación debe ser negada.*