FARMACIAS MOSCOSO, INC., demandante y recurrida, *v.* K-MART CORPORATION y el SECRETARIO DE SALUD, demandados y peticionarios.

*Número:* CE-95-138 *Resuelto:* 10 de mayo de 1995

---

500

*Mario J. Pabón*, de *O'Neill & Borges*, abogado de los peticionarios; *César T. Alcover*, de *Fiddler, González & Rodríguez*, abogado del recurrido.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

I

El 29 de julio de 1993 la parte recurrida, Farmacias Moscoso, Inc., solicitó ante el Tribunal Superior, Sala de San Juan, la revisión de una Resolución del Secretario de Salud concediendo un certificado de necesidad y conveniencia a favor de K-mart Corporation. El 23 de enero de 1995 el tribunal dictó sentencia revocando dicha resolución. El 26 de enero de 1995 se archivó en autos copia de la notificación de la sentencia. El 27 de febrero de 1995 la peticio-

naria, K-mart Corporation, presentó ante esta Curia un recurso de *certiorari* para revisar la determinación del Tribunal Superior.

En su recurso, la peticionaria nos señala que la Sec. 4.7 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante Ley de Procedimiento Administrativo Uniforme), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2177, dispone que, en casos como el de autos, las decisiones adversas del Tribunal Superior se revisarán por el Tribunal Supremo mediante recurso de *certiorari.* Indica, además, que con relación a la revisión de las decisiones de las agencias administrativas de las cuales no se pueda recurrir en apelación directamente al Tribunal Supremo, en el Comentario a la Regla 18 del Reglamento del Tribunal Supremo de Puerto Rico de 13 de enero de 1995 se dice que estas revisiones "continuarán tramitándose en el Tribunal Superior de la misma forma y manera que se hacía antes de entrar en vigor la Ley [y que las] sentencias que sobre éstas emita el Tribunal Superior podrán ser revisadas por el Tribunal de Circuito de Apelaciones mediante el recurso de *certiorari,* Regla 18(B)(2)(c) del Reglamento del Tribunal de Circuito de Apelaciones". Entiende la peticionaria que estas disposiciones están en conflicto y que, por lo tanto, para preservar su derecho a revisar la determinación del Tribunal Superior, presentó recurso de *certiorari,* tanto ante este Foro como ante el Tribunal de Circuito de Apelaciones. No existe tal conflicto. El foro apropiado para entender en la petición de *certiorari* presentada es el Tribunal de Circuito de Apelaciones. Veamos.

II

Reiteradamente hemos resuelto que es "principio cardinal de hermenéutica que '[a]l interpretar una disposición específica de una ley, los tribunales deben siempre

considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla y nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener'. Nuestra obligación fundamental en estos casos es imprimirle efectividad a la intención legislativa, propiciando de esta forma la realización del propósito que persigue la ley. Al interpretar y aplicar un estatuto, hay que hacerlo teniendo presente el propósito social que lo inspiró". (Citas omitidas.) *Vázquez v. A.R.P.E.*, 128 D.P.R. 513, 523 (1991). *González Pérez v. E.L.A.*, 138 D.P.R. 399, 405–406 (1995).

A toda ley le daremos la interpretación que mejor responda a los propósitos que persigue. Interpretaremos la ley como un ente armónico, dándole sentido lógico a sus diferentes secciones, supliendo las posibles deficiencias cuando esto fuese necesario. *González Pérez v. E.L.A.*, supra; *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992); *Gobernador v. Alcalde de Coamo*, 131 D.P.R. 614 (1992); *Torres v. Castillo Alicea*, 111 D.P.R. 792 (1981); R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, Vol. 1.

■ Además, cuando exista un conflicto irreconciliable entre una nueva disposición y estatutos previos sobre una misma materia, la nueva disposición será la que controle o prevalezca, ya que constituye la última expresión del legislador. *Díaz v. Srio. de Hacienda*, 114 D.P.R. 865, 874 (1983).

### III

El 24 de enero de 1995 entró en vigor la Ley de la Judicatura de Puerto Rico de 1994. El 13 de enero de 1995 se aprobaron unas Reglas de Transición sobre la Aplicación tanto del Reglamento del Tribunal Supremo como del Reglamento del Tribunal de Circuito de Apelaciones. Todas

estas reglas entraron en vigor el 24 de enero de 1995. El 23 de enero de 1995 se enmendó la Regla 1(c) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo de Puerto Rico de 13 de enero de 1995 (en adelante Reglas de Transición) y la Regla 18 del Reglamento del Tribunal Supremo, *supra*. Estas enmiendas también entraron en vigor el 24 de enero de 1995.

■ La Regla 1(c) de Transición, *supra*, pág. 6, define *agencia administrativa* de la forma siguiente:

> (c) Agencia Administrativa—la Junta Azucarera, la Junta de Salario Mínimo, la Junta de Relaciones del Trabajo, la Comisión Industrial, la Comisión de Servicio Público, la Administración de Compensaciones por Accidentes de Automóviles, la Comisión de Investigación, Procesamiento y Apelación, y la Comisión para Ventilar Querellas Municipales y *cualquier otra agencia administrativa que por Ley se haya dispuesto que los recursos contra las decisiones finales de ésta se presentarán y atenderán en la Sala de San Juan del Tribunal Superior.* (Énfasis suplido.)

■ La Regla 4(b) de Transición, *supra*, pág. 9, que versa sobre sentencias o providencias interlocutorias dictadas o emitidas por un tribunal con anterioridad a la vigencia de la Ley de la Judicatura de Puerto Rico de 1994, a su vez, dispone:

> (b) Este Reglamento será de aplicación a toda decisión, dictada o emitida por un tribunal, con anterioridad a la vigencia de la Ley, *cuyo término para recurrir en alzada, comience a decursar con posterioridad a la vigencia de dicha ley.* (Énfasis suplido.)

De otra parte, la Regla 18(i) del Reglamento del Tribunal Supremo, *supra*, pág. 62, indica:

> (i) Aplicación
> Esta Regla aplicará a todo recurso procedente de una agencia administrativa que según los incisos (d) y (e) del Artículo 3.002 de la Ley de la Judicatura de Puerto Rico de 1994 será revisado mediante recurso de apelación ante el Tribunal Supremo y el Artículo 11(A) de la Ley de Sustento de Menores, Ley Núm. 5

de 30 de diciembre de 1986, según enmendada por la Ley Núm. 86 de 17 de agosto de 1994. Todos los otros asuntos continuarán revisándose conforme a la ley anterior.

■ En el Comentario a esta regla se expresa:

Interpretando los Artículos 3.002(d) y (e), 5.003(a)(5) y 9.004(a), de forma cónsona con el espíritu de la Ley de la Judicatura de Puerto Rico de 1994, y el propósito y objetivo de ésta de facilitar el acceso a los tribunales a los ciudadanos, y hacer la mejor y más eficiente utilización de los recursos de la Rama Judicial, en esta Regla disponemos sobre el procedimiento para las apelaciones al Tribunal Supremo de recursos provenientes de agencias administrativas. Entre estas agencias están las mencionadas en el Artículo 3.002(d) de la Ley: La Junta Azucarera, la Junta de Salario Mínimo, la Junta de Relaciones del Trabajo y la Comisión Industrial; *además de cualquier otra agencia administrativa que por Ley se haya dispuesto que los recursos contra las disposiciones finales se presentarán y atenderán en la Sala de San Juan del Tribunal Superior.* Entre estas últimas se encuentran: la Comisión de Servicio Público, la Administración de Compensación por Accidentes de Automóvil, la Comisión de Investigación, Procesamiento y Apelación y la Comisión para Ventilar Querellas Municipales. *La revisión de las decisiones de todas las demás agencias administrativas continuarán tramitándose en el Tribunal Superior de la misma forma y manera que se hacía antes de entrar en vigor la Ley. Las sentencias que sobre éstas emita el Tribunal Superior podrán ser revisadas por el Tribunal de Circuito de Apelaciones mediante el recurso de certiorari, Regla 18(B)(2) y (C) del Reglamento del Tribunal de Circuito de Apelaciones.* (Énfasis suplido.) Regla 18 del Reglamento del Tribunal Supremo, *supra*, según enmendado mediante Resolución de 23 de enero de 1995, pág. 8.

■ Cabe señalar que el concepto de que la revisión de toda decisión, resolución o providencia administrativa se presente y tramite en la Sala de San Juan se incluyó por primera vez en la Ley de la Judicatura en 1991 por virtud de la Ley Núm. 21 de 13 de julio de 1992 (4 L.P.R.A. secs. 1, 1n., 35, 61, 61a, 121, 37, 37-1, 191, 231(a)-(d). Esta ley, que creó el ya extinto Tribunal de Apelaciones, dispuso que sería la Sección Norte de dicho tribunal la que revisaría las decisiones de la Junta Azucarera, la Junta de Salario Mí-

nimo, la Junta de Relaciones del Trabajo y la Comisión Industrial mediante el recurso discrecional de revisión. La Sección Norte del Tribunal de Apelaciones tenía su sede en San Juan. Con relación a las decisiones de las agencias administrativas, sujetas hasta ese momento a revisión bajo la Ley de Procedimiento Administrativo Uniforme, en la Ley Núm. 21, *supra*, Secciones 14(a) y 14-A(t), específicamente, se expresó que éstas se revisarían, *exclusivamente*, ante la Sala de San Juan del Tribunal Superior.

En 1993, al eliminarse el Tribunal de Apelaciones, mediante la Ley Núm. 11 de 2 de junio, 4 L.P.R.A. secs. 1, 1 n., 2 n., 35, 37-1, 61a n., 121, 301, 301 n., se enmendó nuevamente la disposición sobre revisión de decisiones administrativas. Con relación a la revisión de estos casos por el Tribunal Superior se dispuso que dicho tribunal conocería de "todo recurso de revisión contra decisiones, reglamentos, órdenes y resoluciones de agencias administrativas, de acuerdo con los términos y condiciones establecidos por las secs. 2101 *et seq.* del Título 3, así como de toda solicitud para poner en vigor las referidas determinaciones administrativas o los laudos arbitrales en materia laboral; excepto en aquellos casos en que la ley disponga la competencia en el Tribunal de Distrito". Art. 4(a)(1) de la Ley Núm. 11, *supra*, 4 L.P.R.A. sec. 121(a)(1). Como podrá observarse, la Ley Núm. 11, *supra*, eliminó la competencia exclusiva de la Sala de San Juan del Tribunal Superior sobre estos asuntos. Con relación a la revisión de las sentencias dictadas en su competencia apelativa por el Tribunal Superior en casos de revisión de decisiones administrativas, se dispuso que éstas podían revisarse por el Tribunal Supremo mediante el recurso discrecional de *certiorari*. Art. 5(d), Ley Núm. 11, *supra*, 4 L.P.R.A. sec. 37–1(d).

El concepto de competencia exclusiva de la Sala de San Juan del Tribunal Superior para la revisión de decisiones administrativas reaparece en la Ley de la Judicatura

de Puerto Rico de 1994, en el Art. 3.002(e), 4 L.P.R.A. sec. 22i(e). Allí se indica que el Tribunal Supremo revisará mediante recurso de apelación "las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico *que hasta la vigencia de esta* Ley *debían ser revisadas por el Tribunal Superior, Sala de San Juan*".([1]) (Énfasis suplido y en el original.) J.A. Cuevas Segarra, *Práctica procesal puertorriqueña: práctica apelativa (revisión de decisiones administrativas al Tribunal de Primera Instancia, Sala Superior)*, San Juan, Pubs. J.T.S., 1995, pág. 2.

Este historial sobre la manera que en la Ley de la Judicatura se ha dispuesto, a través de los años, para la revisión por los tribunales de decisiones administrativas demuestra que el legislador estaba consciente de las alternativas que tenía al establecer el trámite de revisión de decisiones administrativas ante los tribunales. Evaluó estas alternativas y optó por distribuir la revisión de estos asuntos entre el Tribunal Supremo, el Tribunal de Circuito de Apelaciones y el Tribunal Superior. Su intención fue que el Tribunal Supremo revisase, directamente, mediante recurso de apelación, además de las decisiones de las cuatro (4) agencias mencionadas específicamente en el inciso (d) del Art. 3.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i(d)) sólo las decisiones administrativas de aquellas agencias que "hasta la vigencia de [la] Ley debían ser revisadas por el Tribunal Superior Sala de San Juan". (Énfasis suprimido.) Cuevas Segarra, *op. cit.*, pág. 2.

La Ley de la Judicatura de Puerto Rico de 1994 llevó a cabo una abarcadora reorganización del sis-

---

([1]) Con relación a las agencias cubiertas por esta disposición, véase J. Cuevas Segarra, *Práctica procesal puertorriqueña: práctica apelativa (revisión de decisiones administrativas al Tribunal de Primera Instancia, Sala Superior)*, San Juan, Pubs. J.T.S., 1995, págs. 1–7.

tema judicial que conllevó una redistribución de las competencias de los tribunales a los distintos niveles. El esquema estableció un tribunal de apelaciones intermedio, el Tribunal de Circuito de Apelaciones, que revisará, las decisiones del Tribunal de Primera Instancia. El Tribunal Supremo, además de su función constitucional y de pautar el derecho, será el tribunal de última instancia que revisará, primordialmente, las sentencias finales y providencias interlocutorias del Tribunal de Circuito de Apelaciones. Es a manera de excepción que la ley establece, de forma limitada y específica, cuándo el Tribunal Supremo revisará directamente cierto tipo de sentencias finales del Tribunal de Primera Instancia, Art. 3.002(b), 4 L.P.R.A. sec. 22i(b), o decisiones administrativas, Arts. 3.002(d) y 3.002(e), *supra*.[2]

Apliquemos al caso de autos las disposiciones antes reseñadas y las normas de hermenéutica previamente expuestas.

## IV

Al aprobarse la Ley de la Judicatura de Puerto Rico de 1994 estaba vigente la Ley de Procedimiento Administrativo Uniforme que establecía un esquema para la revisión por los tribunales de decisiones administrativas de las agencias cubiertas por dicha ley. Este esquema contemplaba la revisión directa por el Tribunal Superior y su posible posterior revisión por el Tribunal Supremo mediante el recurso discrecional de *certiorari*. Este esquema fue totalmente variado por la reorganización llevada a cabo por la nueva Ley de la Judicatura. No cabe duda que la Ley de la Judicatura de Puerto Rico de 1994 enmendó tácitamente la Ley de Procedimiento Administrativo Uniforme y todas las leyes que disponían sobre la revisión judicial de

---

[2] El historial legislativo no refleja que la Asamblea Legislativa tuviese una intención contraria a este análisis.

las decisiones administrativas en todo aquello en que éstas fuesen incompatibles con la reorganización y redistribución de competencias allí establecidas.

Tomando en consideración todo lo antes expuesto, resolvemos que habiendo sido tácitamente derogada la Sec. 4.7 de la Ley de Procedimiento Administrativo Uniforme, *supra*, no existe conflicto entre ésta y la reglamentación aprobada para implantar el inciso (e) del Art. 3.002 de la Ley de la Judicatura de Puerto Rico de 1994, *supra.*

 El caso de autos trata de una sentencia dictada el 23 de enero de 1995 por el Tribunal Superior en su competencia apelativa sobre la revisión de una decisión de una agencia administrativa, el Departamento de Salud, concediendo un certificado de conveniencia y necesidad. A tenor con lo dispuesto en el Art. 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, la Regla 18 del Reglamento del Tribunal Supremo, *supra*, la Regla 18(B)(2)(c) del Reglamento del Tribunal de Circuito de Apelaciones de 13 de enero de 1995 y las Reglas 1(c) y 4(b) de Transición, *supra*, las decisiones administrativas del Departamento de Salud concediendo o denegando certificados de necesidad y conveniencia no cualifican para ser revisadas directamente por el Tribunal Supremo mediante recursos de apelación, ya que en la ley no se dispone específicamente que los recursos contra estas determinaciones finales se presentarán en la Sala de San Juan del Tribunal Superior.

Ahora bien, en el presente caso, el archivo en autos de una copia de la notificación de la sentencia se hizo el 26 de enero de 1995, por lo que el término para revisar la misma comenzó a decursar con posterioridad al 24 de enero de 1995, fecha en que entró en vigor la Ley de la Judicatura de Puerto Rico de 1994. De acuerdo con lo dispuesto en el Art. 3.002(e), *supra*, en el Art. 5.003(a)(5) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, 4 L.P.R.A. sec. 22o(5), y en los Arts. 18(B)(2) y 18(B)(2)(c) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, el foro

apropiado para revisar dicha sentencia es el Tribunal de Circuito de Apelaciones. El recurso que se tiene disponible es el recurso discrecional de *certiorari*. Posteriormente, la sentencia dictada por dicho tribunal podrá ser revisada por el Tribunal Supremo, también mediante el recurso discrecional de *certiorari*. Regla 20(b) del Reglamento del Tribunal Supremo, *supra*.

Por todo lo antes expuesto, *se dictará sentencia mediante la cual se ordena remitir el recurso de certiorari presentado al Tribunal de Circuito de Apelaciones, Circuito Regional I, para que sea consolidado con el caso Farmacias Moscoso, Inc. v. K-mart Corporation et al., Núm. KLCE-9500041, sobre el mismo asunto.*

El Juez Asociado Señor Rebollo López no intervino. El Juez Asociado Señor Fuster Berlingeri emitió una opinión de conformidad.

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Fuster Berlingeri.

Estoy conforme con el resultado al que llega el Tribunal en este caso y comparto también los fundamentos en que se apoya ese resultado, formulados en la opinión del Tribunal.

Lo anterior, no obstante, me ha parecido menester resaltar que para llegar al resultado aludido ha sido necesario realizar una trabajosa labor de interpretación judicial respecto a la nueva Ley de la Judicatura para clarificar la intención legislativa y suplir las lagunas existentes en ésta a fin de hacer un ente armónico de dicha ley. No nos sorprende que la parte peticionaria haya tenido las dudas e interrogantes que la llevaron a presentar el recurso de *certiorari* de autos tanto ante nos como ante el Tribunal de Circuito de Apelaciones. La referida ley presenta múltiples

problemas de ordenación que tendremos que resolver sobre la marcha mediante interpretación judicial.

Uno de esos problemas es el que encaramos en este caso, que tiene que ver con el impacto de la nueva Ley de la Judicatura sobre la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante LPAU). Como se sabe, la LPAU es una de las piezas legislativas fundamentales de nuestro ordenamiento jurídico. Esta reglamenta los diversos elementos comunes de una de las principales áreas del quehacer jurídico, de las más importantes del Estado moderno. Dicha ley se aprobó luego de muchos años de ardua labor y recoge una parte medular de la experiencia y del pensamiento jurídico en el campo del Derecho Administrativo tanto en Puerto Rico como en Estados Unidos. Se trata de legislación que no debe enmendarse festinadamente.

Es un reiterado principio de hermenéutica que las derogaciones *tácitas* no son favorecidas. Por espacio de nueve (9) décadas, desde 1912 al menos hasta el presente, hemos resuelto consistentemente que las derogaciones tácitas no merecen por lo general la sanción de los tribunales. Lo propio es que las derogaciones sean expresas, sobre todo cuando atañen a leyes tan fundamentales y especiales como es la LPAU. R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 421. Véanse: *American Trading Co. v. Monserrat*, 18 D.P.R. 273 (1912); *Portela v. El Registrador de San Juan*, 22 D.P.R. 86 (1915); *Guerra v. Hernández Mena*, 37 D.P.R. 102 (1927); *Aldea v. Tomás*, 48 D.P.R. 392 (1935); *Pueblo v. Shell Co. (P.R.) Ltd.*, 56 D.P.R. 57 (1940); *Campis v. Pueblo*, 67 D.P.R. 393 (1947); *Sierra v. Tribl. Superior*, 75 D.P.R. 841 (1954); *Hernández v. Fournier*, 80 D.P.R. 93 (1957); *González Saldaña v. Comisión Industrial*, 89 D.P.R. 267 (1963); *McCrillis v. Aut. Navieras de P.R.*, 123 D.P.R. 113 (1989); *Aponte v.*

*Srio. de Hacienda, E.L.A.*, 125 D.P.R. 610 (1990); *Director I.C.P. v. Fitzgerald, etc.*, 130 D.P.R. 46 (1992).

Sin embargo, en el caso ante nos ahora, en que resolvemos que la Sec. 4.7 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2177, ha sido tácitamente derogada por la nueva Ley de la Judicatura, nos vemos obligados a reconocer una derogación tácita porque los preceptos de la última voluntad legislativa son tan irreconciliables con la anterior que ambas no pueden regir conjuntamente. Bernier y Cuevas Segarra, *op. cit.; González Saldaña v. Comisión Industrial*, supra; *Franceschi, Ex parte*, 53 D.P.R. 75 (1938). Aunque sea contrario a la mejor práctica, estamos compelidos a atribuirle a la nueva Ley de la Judicatura el sentido que asegure el resultado que aparentemente las ramas políticas del Gobierno quisieron obtener.