ÁNGEL LUIS SANTIAGO, recurrente, *v.* JUNTA DE APELACIONES SOBRE CONSTRUCCIONES Y LOTIFICACIONES, **recurrida;** TOMÁS PÉREZ, **recurrido,** *v.* ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, **recurrida,** JORGE RODRÍGUEZ SERRANO, interventor peticionario; REINALDO MELÉNDEZ, **peticionario,** *v.* ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, **recurrida.**

*Números:* CE-95-123      *Resueltos:* 15 de agosto de 1995
         CE-95-156
         CE-95-158

*Juan Manuel Adorno Pena* y *Enrique Dávila Torres,* abogados de los peticionarios.

## SENTENCIA

Ante nuestra consideración fueron sometidos los recursos siguientes: Núm. CE-95-123, *Ángel Luis Santiago v. Junta de Apelaciones sobre Construcciones y Lotificaciones;* Núm. CE-95-156, *Tomás Pérez v. Administración de Reglamentos y Permisos,* y Núm. CE-95-158, *Reinaldo Meléndez v. Administración de Reglamentos y Permisos.* En todos estos casos se impugna la determinación en alzada que hiciera el Tribunal de Primera Instancia, Sala Superior de San Juan, en torno a unas resoluciones emitidas por la Junta de Apelaciones sobre Construcciones y Lotificaciones.

En vista de que en estos recursos la controversia se originó ante la misma agencia administrativa y provienen de una determinación final del Tribunal de Primera Instan-

cia, Sala Superior de San Juan, y en aras de la economía procesal, hemos resuelto consolidarlos, a los únicos fines de remitirlos al foro competente. Por lo que una vez en dicho foro, cada recurso deberá seguir su trámite y ser atendido individualmente.

Aclarado lo anterior, procedemos a dilucidar cuál es el foro competente para atender los recursos instados.

I

En el caso Núm. CE-95-123 surge que el 22 de agosto de 1994 el peticionario, Sr. Ángel Luis Santiago, solicitó ante el Tribunal Superior, Sala de San Juan, la revisión de una resolución emitida por la Junta de Apelaciones sobre Construcciones y Lotificaciones (en adelante Junta de Apelaciones) con relación a una solicitud de permiso de uso para operar un taller de hojalatería y pintura que fuera denegada por la Administración de Reglamentos y Permisos (en adelante A.R.Pe.). Mediante la referida resolución, se ordenó la devolución del caso a la dependencia administrativa en la cual se originó el caso, para que el peticionario sometiese el correspondiente anteproyecto de construcción, en que solicitase la legalización de las estructuras clandestinas y el uso existente de la pertenencia como se propuso establecer el taller. A su vez, requirió a la agencia referir el Formulario de Impacto Ambiental 15.85 para la evaluación por la División de Asesoramiento Científico de la Junta de Calidad Ambiental. De dicha resolución de la Junta de Apelaciones el peticionario solicitó una reconsideración el 8 de julio de 1994, la cual fue acogida en esa misma fecha y posteriormente declarada no ha lugar mediante una orden notificada el 23 de agosto de 1994. Luego de varios trámites procesales, el 28 de diciembre de 1994 el tribunal de instancia dictó una sentencia que denegaba el auto de revisión solicitado al resolver que el recurso instado resul-

taba prematuro, ya que al momento de su presentación, 22 de agosto de 1994, la Junta de Apelaciones conservaba jurisdicción sobre el asunto, en virtud de haber acogido y no haber resuelto a tal fecha la reconsideración sometida ante su consideración. Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2165. Oportunamente, el peticionario presentó, en un mismo escrito, una Moción al amparo de la Regla 43.3 de Procedimiento Civil y Moción de Reconsideración, la primera de las cuales fue declarada no ha lugar por el tribunal mediante Resolución de 20 de enero de 1995 y notificada el 24 de enero de 1995.

Inconforme con el dictamen de instancia, el peticionario acude ante nos mediante una solicitud de revisión presentada el 22 de febrero de 1995. El peticionario invoca la jurisdicción de este Tribunal en virtud de lo dispuesto en los Arts. 670 y 671 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 3491 y 3492, así como lo dispuesto en la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 *et seq.*) y en el Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI.

De otra parte, en el Caso Núm. CE-95-156, el 9 de noviembre de 1994 el peticionario, Sr. Jorge Rodríguez Serrano, solicitó ante el Tribunal Superior, Sala de San Juan, la revisión de una resolución emitida por la Junta de Apelaciones, mediante la cual se autorizó en apelación un anteproyecto de construcción de una estación de gasolina propuesta por el recurrido Tomás Pérez, y se denegó la solicitud de intervención instada por el peticionario. De dicha resolución de la Junta de Apelaciones el peticionario solicitó la reconsideración el 19 de julio de 1994, la cual, tras ser acogida, fue declarada no ha lugar mediante Orden de 14 de octubre de 1994. Tras varios trámites procesales, el 21 de febrero de 1995 el tribunal de instancia dictó

una sentencia que declaraba sin lugar el recurso presentado. El archivo en autos de copia de la notificación de dicha sentencia se efectuó el 28 de febrero de 1995.

Inconforme con tal dictamen, el peticionario acude ante nos mediante una petición de *certiorari* presentada el 30 de marzo de 1995. El peticionario invoca la jurisdicción de este Tribunal en virtud de lo dispuesto en el Art. V, Secs. 1 y 3 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, así como lo dispuesto en la derogada Sec. 14A[C] de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952, según enmendada por la Ley Núm. 11 de 2 de junio de 1993 (4 L.P.R.A. sec. 37-1), y en la Sec. 4.7 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2177.

Por último, en el caso Núm. CE-95-158, el 3 de noviembre de 1994 el peticionario, Sr. Reinaldo Meléndez, solicitó ante el Tribunal Superior, Sala de San Juan, la revisión de una resolución emitida por la Junta de Apelaciones relacionada a una solicitud de permiso de construcción para legalizar una ampliación de una estructura residencial que fuera denegada por A.R.Pe. Mediante la referida resolución se desestimó el recurso de apelación instado por el peticionario al resolver que éste había sido presentado fuera del término estatutario establecido para ello. Art. 31(a) de la Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. sec. 72c(a)). De dicha resolución de la Junta de Apelaciones, el peticionario solicitó una reconsideración, la cual, tras ser acogida, fue declarada no ha lugar mediante una orden notificada el 5 de octubre de 1995. Luego de varios trámites procesales, el 13 de febrero de 1995 el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó una sentencia que denegaba la expedición del auto de revisión solicitado. Oportunamente, el peticionario presentó una re-

consideración de dicha sentencia el 27 de febrero de 1995, la cual fue declarada no ha lugar mediante Resolución de 2 de marzo de 1995 y notificada el 6 de marzo de 1995.

Inconforme con el dictamen del tribunal de instancia, el peticionario acude ante nos mediante una petición de *certiorari* presentada el 5 de abril de 1995. El peticionario invoca la jurisdicción de este Tribunal en virtud de lo dispuesto en el Art. V, Secs. 1 y 3 de la Constitución del Estado Libre Asociado de Puerto Rico, *supra,* así como lo dispuesto en la derogada Sec. 14A[C] de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952, según enmendada por la Ley Núm. 11 de 2 de junio de 1993, *supra,* y en la Sec. 4.7 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra.*

Luego de un análisis ponderado de los recursos presentados, así como de las disposiciones pertinentes de la Ley de la Judicatura de Puerto Rico de 1994, el Reglamento del Tribunal Supremo, el Reglamento del Tribunal de Circuito de Apelaciones, la Orden Administrativa Núm. XII de 23 de enero de 1995, la ley que creó y estableció a la Junta de Apelaciones como organismo apelativo de las decisiones de la Administración de Reglamentos y Permisos en cuestiones como las de autos, Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. sec. 71 *et seq.*), y nuestro reciente pronunciamiento en *Farmacias Moscoso, Inc. v. K-mart Corp.,* 138 D.P.R. 497 (1995), concluimos que el tribunal apropiado para atender estos recursos es el Tribunal de Circuito de Apelaciones.

En *Farmacias Moscoso, Inc. v. K-mart Corp.,* supra; *Montalvo v. Mun. de Sabana Grande,* 138 D.P.R. 483 (1995); *Maldonado v. Supte. Policía de P.R.,* 138 D.P.R. 477 (1995), y *Corp. Créd. Des. Com. Agrícola v. U.G.T.,* 138 D.P.R. 490 (1995), ampliamos lo dispuesto en la Orden Administrativa Núm. XII. Así pues, en armonía con dicha orden, resolvimos que a tenor con la Ley de la Judicatura

de Puerto Rico de 1994, el Tribunal Supremo revisará directamente, mediante un recurso de apelación, además de las decisiones de las cuatro (4) agencias administrativas específicamente mencionadas en el Art. 3.002(d) de la ley, 4 L.P.R.A. sec. 22i, sólo las decisiones de aquellas agencias administrativas que "hasta la vigencia de esta ley debían ser revisadas por el Tribunal Superior, Sala de San Juan". Señalamos, además, que es necesario acudir a las leyes orgánicas de las diferentes agencias para determinar cuáles estatutos disponen que la revisión de sus dictámenes competerá exclusivamente a la Sala de San Juan del Tribunal Superior.

En cuanto a la revisión de las resoluciones emitidas por todas las demás agencias administrativas resolvimos, en los casos antes citados, que éstas continuarían tramitándose en el Tribunal Superior de la misma forma y manera que se hacía antes de entrar en vigor la ley. Finalmente, dispusimos que las sentencias que sobre éstas emita el Tribunal Superior podrán ser revisadas por el Tribunal de Circuito de Apelaciones mediante un recurso de *certiorari*. Regla 18(b)(2)(C) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII. Véase, además, el Comentario a la Regla 18 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI.

Conforme a lo anterior, no encontrándose la Junta de Apelaciones entre las agencias administrativas incluidas en el Art. 3.002(d) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, nos corresponde examinar el estatuto habilitador de la agencia, en particular, la disposición referente a la revisión judicial de sus decisiones.

El Art. 31(e) de la Ley Núm. 76, *supra*, según enmendada, 23 L.P.R.A. sec. 72c(e), dispone con respecto a la revisión judicial de la decisiones emitidas por la Junta de Apelaciones lo siguiente:

(e) La ,Junta de Planificación la Administración de Reglamentos y·Permisos, o cualquier parte interesada o afectada por

una actuación o resolución de la Junta de Apelaciones [sobre Construcciones y Lotificaciones] en relación con la cual una petición de reconsideración hubiese sido formulada y denegada, *podrá establecer recurso de revisión ante el Tribunal Superior de Puerto Rico, Sala de San Juan o en la sala cuya jurisdicción comprenda el lugar donde esté ubicado el proyecto,* dentro del término de treinta (30) días contados a partir de la fecha del depósito en el correo de la notificación de la denegatoria de la solicitud de reconsideración. (Énfasis suplido.)

De la disposición antes transcrita surge que el estatuto habilitador de la Junta de Apelaciones brinda la opción a cualquier parte interesada o afectada por una actuación o resolución de la Junta de Apelaciones de escoger el foro competente para interponer su recurso de revisión. Ésta puede presentar el recurso en el Tribunal de Primera Instancia, Sala Superior de San Juan, o en la sala competente conforme a la ubicación del proyecto. Es claro que el Tribunal de Primera Instancia, Sala Superior de San Juan, no es el foro exclusivo para interponer los recursos de revisión de las decisiones finales de la Junta de Apelaciones.

## II

Concluido lo anterior, nos resta resolver entonces cuál es el tribunal competente para atender los recursos de epígrafe presentados, que impugna la determinación en alzada del Tribunal de Primera Instancia, Sala Superior de San Juan, en torno a las resoluciones emitidas por la Junta de Apelaciones.

El caso Núm. CE-95-123, *Ángel Luis Santiago v. Junta de Apelaciones sobre Construcciones y Lotificaciones,* trata de una sentencia dictada el 28 de diciembre de 1994 por el Tribunal Superior, Sala de San Juan, en su competencia apelativa, sobre la revisión de una resolución de la Junta de Apelaciones que ordena la devolución del caso a su origen para que el peticionario solicite la legalización de unas estructuras clandestinas en la pertenencia en cuestión y el envío por la agencia del Formulario de Impacto Ambiental

para una evaluación. El archivo en autos de la copia de la notificación de la sentencia se efectuó el 30 de diciembre de 1994. Oportunamente, el peticionario presentó en un mismo escrito una Moción al amparo de la Regla 43.3 de Procedimiento Civil y Moción de reconsideración el 10 de enero de 1995. El 20 de enero de 1995 el tribunal de instancia emitió una resolución que denegó la moción interpuesta al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Dicha resolución fue notificada el 24 de enero de 1995, fecha en que entró en vigor la Ley de la Judicatura de 1994.

De otra parte, el caso Núm. CE-95-156, *Tomás Pérez v. Administración de Reglamentos y Permisos* trata de una sentencia emitida el 21 de febrero de 1995, también por el Tribunal de Primera Instancia, Sala Superior de San Juan, sobre la revisión de una resolución de la Junta de Apelaciones que autorizaba en apelación un anteproyecto de construcción de una estación de gasolina y denegaba la solicitud de intervención del peticionario, Sr. Jorge Rodríguez Serrano. El archivo en autos de la copia de la notificación de la sentencia se efectuó el 28 de febrero de 1995, por lo que el término para revisar la sentencia comenzó a decursar con posterioridad al 24 de enero de 1995, fecha en que entró en vigor la Ley de la Judicatura de Puerto Rico de 1994.

Finalmente, el Caso Núm. CE-95-158, *Reinaldo Meléndez v. Administración de Reglamentos y Permisos*, trata de una sentencia dictada el 13 de febrero de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, sobre la revisión de una resolución emitida por la Junta de Apelaciones que desestimó el recurso de apelación incoado por el peticionario por éste haberse presentado transcurrido en exceso del término estatutario establecido para ello. El archivo en autos de la copia de la notificación de la sentencia se efectuó el 15 de febrero de 1995. Oportunamente, el peticionario presentó una Moción de Reconside-

ración, la cual fue declarada no ha lugar mediante Resolución de 2 de marzo de 1995. Dicha resolución fue notificada a las partes el *6 de marzo de 1995*, por lo que el término para revisar la sentencia impugnada comenzó a decursar con posterioridad al 24 de enero de 1995, fecha en que entró en vigor la Ley de la Judicatura de Puerto Rico de 1994.

A tenor con lo dispuesto en el Art. 3.002 de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, la Regla 18 del Reglamento del Tribunal Supremo, *supra*, y el Art. 31 de la Ley Núm. 76, *supra*, las resoluciones finales de la Junta de Apelaciones no cualifican para ser revisadas directamente por este Foro mediante el recurso de apelación, ya que en su ley habilitadora no se dispone específicamente que los recursos contra estas determinaciones administrativas se presentarán en la Sala de San Juan del Tribunal Superior.

De otra parte, de acuerdo con lo dispuesto en los Arts. 3.002(e) y 5.003(a)(5) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. secs. 22i y 22o) y en la Regla 18(b)(2)(C) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, y lo resuelto en *Farmacias Moscoso, Inc. v. K-Mart Corp.*, supra, el foro apropiado para revisar estas sentencias es el Tribunal de Circuito de Apelaciones. El recurso que se tiene disponible es el recurso discrecional de *certiorari*. Posteriormente, las sentencias dictadas por dicho tribunal podrán ser revisadas por el Tribunal Supremo, también mediante el recurso discrecional de *certiorari*. Regla 20(b) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI.

Por todo lo antes expuesto, *se dicta sentencia que ordena que se remitan los recursos presentados al Tribunal de Circuito de Apelaciones, Circuito Regional I, foro competente para atenderlos.*

Lo pronuncia, manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Corrada del Río emitió una opinión concurrente.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión concurrente emitida por el Juez Asociado Señor Corrada del Río.

I

Concurro con el resultado de la sentencia de estos casos consolidados. No obstante, debo hacer constar la preocupación de que, a pesar del esfuerzo de este Alto Foro para llenar lagunas y resolver incompatibilidades entre los Arts. 3.002(e), 5.003(a)(5) y 9.004(a) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. secs. 22i(e), 21o(a)(5) y 23f(a)), entre sí y con la Sec. 4.7 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2177, así como con la Regla 18(b)(2)(C) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII. El procedimiento para la revisión judicial de decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas es confuso e insatisfactorio por falta de uniformidad y coherencia.

Frente al esfuerzo de este Tribunal para resolver, sobre la marcha, los problemas procesales jurisdiccionales en los casos que hoy resolvemos y en los recientes pronunciamientos de este Tribunal de 10 de mayo de 1995 —en los casos de *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995); *Maldonado v. Supte. Policía de P.R.*, 138 D.P.R. 477 (1995), y *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, 138 D.P.R. 490 (1995)— persiste aún un estado de

derecho incongruente para la revisión judicial de casos que se originen en las agencias administrativas, el cual no responde a los más sanos principios de administración de la justicia y a la política pública establecida por la Legislatura de Puerto Rico. Veamos.

## II

La política pública establecida por la Legislatura de Puerto Rico está encaminada a lograr unos procedimientos administrativos uniformes y eficientes. La Ley Núm. 170 de 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2101 *et seq.*, fue aprobada precisamente con ese propósito.

En la Exposición de Motivos de la Ley Núm. 170, *supra*, se expresa lo siguiente en la parte que nos atañe:

> La legislación establece, además, un procedimiento uniforme de revisión judicial a la acción tomada por la agencia al adoptar un reglamento o adjudicar un caso. 1988 Leyes de Puerto Rico 825, 826.

Para lograr ese fin, la Sec. 4.2 de la Ley Núm. 170, *supra*, dispone:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. 3 L.P.R.A. sec. 2172.

Más adelante, la Sec. 4.7 de la misma ley, *supra*, dispone que "[c]ualquier parte adversamente afectada por la resolución del Tribunal Superior podrá solicitar la revisión de la misma mediante la presentación de un recurso de *certiorari* ante el Tribunal Supremo".

La Ley Núm. 21 de 13 de julio de 1992 (4 L.P.R.A. secs. 1, 35, 37–37-1, 61–61a, 121, 191 y 231), que creó el extinto Tribunal de Apelaciones, dispuso en su Sec. 14(b), 4 L.P.R.A. ant. sec. 37, que dicho tribunal revisaría mediante un auto de *certiorari*, que sería expedido de forma discrecional, las sentencias que dictase el Tribunal Superior en los pleitos para apelar o revisar las decisiones, órdenes o resoluciones de organismos administrativos. 1992 Leyes de Puerto Rico 135.

Dicha ley dispuso, además, en su Sección 14–A (e) que las decisiones emitidas por la Junta de Relaciones del Trabajo, la Junta de Salario Mínimo, la Comisión Industrial y la Junta Azucarera serían revisadas ante el Tribunal de Apelaciones, Sección Norte. 1992 Leyes de Puerto Rico 137.

Dispuso, también, la Sec. 14-A(f) de la Ley Núm. 21, *supra*:

> Serán revisables ante el Tribunal Superior, Sala de San Juan, las decisiones de una agencia administrativa sujeta a revisión hasta ahora bajo la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 del 12 de agosto de 1988, según enmendada. 1992 Leyes de Puerto Rico 130, 137.

Posteriormente, la Ley Núm. 11 de 2 de junio de 1993 (4 L.P.R.A. secs. 1, 2n., 35, 37n., 31-1, 61a n., 121, 231 y 301 n.) que, entre otras cosas, derogó el Tribunal de Apelaciones creado por la Ley Núm. 21, *supra*, dispuso en su Art. 4, que enmienda la Sec. 13(a)(1) de la Ley Núm. 11 de 24 de julio de 1952, que el Tribunal Superior conocerá

> [d]e todo recurso de revisión contra decisiones, reglamentos, órdenes y resoluciones de agencias administrativas, de acuerdo con los términos y condiciones establecidos por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada; así como toda solicitud para poner en vigor las referidas determinaciones administrativas o los laudos arbitrales en materia laboral, excepto en aquellos casos en que la ley disponga la competencia en el Tribunal de Distrito. 1993 Leyes de Puerto Rico 32, 36.

Dicha ley dispuso que el Tribunal Supremo podría revi-

sar mediante *certiorari,* que había de ser librado a su discreción, las sentencias que dicte el Tribunal Superior, entre otros, "en los casos para revisar las decisiones, órdenes o resoluciones de los organismos administrativos". 1993 Leyes de Puerto Rico 38.

Finalmente, la Ley de la Judicatura de 1994 dispone, en su Art. 3.002(d), 4 L.P.R.A. sec. 21i(d), que este Alto Foro revisará, mediante un recurso de apelación, las decisiones de la Junta Azucarera, de la Junta de Salario Mínimo, de la Junta de Relaciones del Trabajo y de la Comisión Industrial. Dicha ley dispone, además, en su Art. 3.002(e), *supra,* que mediante un recurso de apelación, revisaremos "[l]as decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico que hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior, Sala de San Juan".

Como señalamos en *Farmacias Moscoso, Inc. v. K-mart Corp.,* supra, entre las agencias comprendidas en el Art. 3.002(e), *supra,* se encuentran la Comisión de Servicio Público, la Administración de Compensación por Accidentes de Automóvil, la Comisión de Investigación, Procesamiento y Apelaciones y la Comisión para Ventilar Querellas Municipales.

El Art. 3.002 de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22i), lleva el título siguiente: "Competencia del Tribunal Supremo; revisión de las decisiones de las agencias administrativas y del Tribunal de Circuito de Apelaciones y de Primera Instancia". No obstante, bajo dicho extenso artículo nada se dispone sobre cuál debe ser el recurso para la revisión judicial de una decisión administrativa de los funcionarios, los organismos o las agencias administrativas no comprendidas en el Art. 3.002(d) y (e) de la citada ley, *supra.*

De ahí que este Tribunal, en *Farmacias Moscoso, Inc. v. K-mart Corp.,* supra, haya tenido que suplir la laguna re-

curriendo a los Arts. 5.003(a)(5) y 9.004(a) de dicha ley, *supra*. El Art. 5.003(a)(5), *supra*, dispone que el Tribunal de Primera Instancia conocerá "[d]e todo asunto que con anterioridad a la vigencia de esta ley era atendido por el Tribunal Superior, el Tribunal de Distrito y el Tribunal Municipal" —1994 (Parte III) Leyes de Puerto Rico 2800, 2815— y el Art. 9.004(a), *supra*, lo que dispone es que

> [t]odo recurso de revisión pendiente ante la consideración del Tribunal Superior sobre decisiones de agencias administrativas, dentro de su jurisdicción apelativa, deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de esta ley; disponiéndose que una vez transcurrido dicho término *los asuntos pendientes se referirán para su trámite y resolución al Tribunal Supremo de Puerto Rico.* (Énfasis suplido.) Íd., pág. 2829.

Este último artículo no puede dar base para interpretar la Ley de la Judicatura de 1994 en el sentido de que las decisiones administrativas de agencias, no comprendidas en el Art. 3.002(d) y (e), *supra*, deben atenderse por el Tribunal de Circuito de Apelaciones.

Viendo las lagunas en el citado Art. 3.002 y en el resto de las disposiciones de la Ley de la Judicatura de 1994, al no establecer expresa y específicamente cómo deben revisarse judicialmente las decisiones administrativas de funcionarios, organismos o agencias administrativas no comprendidas en el Art. 3.002(d) y (e), *supra*, y al tomar en consideración el principio de hermenéutica legal reconocido de *inclusio unius est exclusio alterius*, debemos concluir, como lo hicimos en *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra, que las decisiones en los asuntos administrativos que nos ocupan no son revisables en apelación directamente por este Tribunal.

En *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra, recurrimos a la Regla 18(b)(2)(C) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, aprobado por este Tribunal el 13 de enero de 1995, con vigencia el 24 de enero de 1995, para concluir que el remedio para la revisión de

una decisión del Tribunal de Primera Instancia, en un caso proveniente de funcionarios, organismos y agencias administrativas, es el recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones.

La Regla 18(b)(2)(C) aludida dispone:

> El recurso de *certiorari* de cualquier sentencia del Tribunal de Primera Instancia para la cual no se hubiese establecido procedimiento específico en este Reglamento o en la Ley de la Judicatura, deberá presentarse ante el Tribunal de Circuito de Apelaciones dentro del término de treinta (30) días del archivo en autos de copia de la notificación de la sentencia.

Como la Ley de la Judicatura de 1994 no estableció, de manera expresa, un procedimiento específico sobre la revisión de una sentencia del Tribunal de Primera Instancia proveniente del nivel administrativo, este Tribunal suplió la laguna al aprobar el citado inciso de la Regla 18.

El Art. 1.002 de la Ley de la Judicatura de 1994 reconoce que "[e]l Tribunal Supremo, a tenor con la Constitución del Estado Libre Asociado de Puerto Rico, podrá aprobar la reglamentación interna necesaria para la implantación de esta Ley". 1994 (Parte III) Leyes de Puerto Rico 2800, 2803.

A la vez, este Tribunal entendió, según se expone en el Preámbulo del Reglamento del Tribunal de Circuito de Apelaciones y, posteriormente, en *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra, que con excepción de los casos enmarcados dentro del Art. 3.002(d) y (e), "[t]odos los demás recursos provenientes de agencias administrativas se continuarán revisando por el Tribunal de Primera Instancia, Sala Superior". Así se dispuso, igualmente, en la Regla 18 del Reglamento de este propio Tribunal, al expresarse en el Comentario a dicha regla que "[l]a revisión de las decisiones de todas las demás agencias administrativas continuarán tramitándose en el Tribunal Superior de la misma forma y manera que se hacía antes de entrar en vigor la Ley". El resultado de lo anterior es que se han tenido que

mantener funciones apelativas o de revisión judicial en el Tribunal de Primera Instancia para estos casos, cuando el claro propósito de la Ley de la Judicatura de 1994 fue establecer un sistema vertical con un Tribunal de Primera Instancia consolidado, un nivel apelativo intermedio y el Tribunal Supremo como máximo tribunal estatal, según lo dispone la Constitución del Estado Libre Asociado.

En la Exposición de Motivos de la Ley de la Judicatura de 1994 se expresa, en lo pertinente:

> A los fines de lograr la pronta consecución de las metas señaladas, esta Ley, mediante un enfoque integral, adopta un sistema vertical que consiste de un Tribunal de Primera Instancia consolidado, *de jurisdicción original* con competencia unificada para atender todo tipo de casos y causas; de un tribunal intermedio apelativo y del Tribunal Supremo como tribunal de última instancia. (Énfasis suplido.) 1994 (Parte III) Leyes de Puerto Rico 2800, 2802.

A la luz de las incongruencias señaladas, y reconociendo que las acciones de este Tribunal al aprobar la Regla 18 del Reglamento de este Alto Foro, 4 L.P.R.A. Ap. XXI, y la Regla 18(b)(2)(C) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, así como al decidir el caso de *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra, responden a la necesidad de suplir las lagunas existentes en la Ley de la Judicatura de 1994 en esta materia, concurrimos con el resultado de la sentencia en los casos consolidados que aquí atendemos.

Corresponde a la Rama Legislativa examinar y determinar si debe o no enmendarse la Ley de la Judicatura de 1994 para resolver interrogantes tales como si el Tribunal de Primera Instancia debe o no ejercer funciones apelativas o de revisión judicial en los casos que procedan de agencias administrativas; si debe o no, a la luz del sistema vertical creado por dicha ley, establecerse la apelación o revisión judicial de casos procedentes de las agencias administrativas por el Tribunal de Circuito de Apelaciones; en caso afirmativo, qué remedio debe proveerse para la re-

visión por este Alto Foro de las decisiones del Tribunal de Circuito de Apelaciones en estos casos; si amerita o no revisar el Art. 3.002(d) y (e) de la ley, *supra*, y si la derogación tácita de la Sec. 4.7 de la Ley de Procedimiento Administrativo Uniforme, *supra*, que acordamos en *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra, requiere o no un reexamen de dicha disposición, así como de otras disposiciones de la Ley Núm. 170, *supra*.

Por las razones antes expuestas, concurrimos con el resultado de la sentencia en estos casos.